UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **BRYN HIGLEY,**<br><br>                    Plaintiff,<br>   -vs-<br><br>**ACCOUNTS RECEIVABLE MANAGEMENT, INC.,**<br><br>                    Defendant. | *Civil Action No.* _____ |

### COMPLAINT & DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff Bryn Higley brings this action for actual and statutory damages resulting from the Defendant's various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"), a law that prohibits debt collectors from using abusive, deceptive, and unfair practices in an attempt to collect a debt.

### JURISDICTION & VENUE

2. This honorable Court possesses jurisdiction over this matter pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Additionally, venue in this district arises pursuant to 28 U.S.C. §1391(b) since the Defendant transacts business here and the conduct complained of occurred here.

### PARTIES

4. Plaintiff Bryn Higley is a natural person residing in the County of Monroe, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Accounts Receivable Management, Inc., (hereinafter "ARM") is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) whose principle place of business is believed to be located at 155 Mid Atlantic Parkway, Thorofare, New Jersey 08086.

6. Any and all acts of the Defendant hereinafter alleged were performed by Defendant's employees, while under the scope of the Defendant's actual or apparent authority.

7. Any and all references to "Defendant" herein shall include the Defendant and/or an employee of the Defendant.

## FACTUAL ALLEGATIONS

8. That Plaintiff Bryn Higley incurred and later defaulted on a debt to "Associated Healthcare." Said debt will hereinafter be referred to as "the subject debt."

9. The subject debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5), as it arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

10. That in May of 2010, Plaintiff Bryn Higley filed for bankruptcy and discharged the aforementioned debt.

11. That at that time, Plaintiff Higley's various creditors were notified of the aforementioned bankruptcy, including "Associated Healthcare."

12. That despite the fact that the aforementioned debt was discharged, Defendant ARM began its attempts to collect payment in or about October of 2010.

13. That on or about October 4, 2010, Plaintiff Higley received a letter from Defendant ARM. Said letter stated that the subject debt account had been "assigned to [ARM] for one reason, to secure payment in full."

14. That Defendant ARM thereafter repeatedly and continuously caused Plaintiff Higley's cellular telephone to ring in an attempt to collect the discharged subject debt.

15. That on more than one occasion, Plaintiff Higley notified Defendant ARM that the debt had been discharged in bankruptcy earlier in the year, however Defendant refused to acknowledge his many representations and continued its collection efforts.

16. That Defendant ARM's refusal to stop its collection efforts, in conjunction with its October 2010 letter (described in Paragraph 13 above), led Plaintiff Higley to feel that Defendant would never acknowledge discharge of the subject debt.

17. That as a result of Defendant's unlawful collection attempts and abusive collection activity, Plaintiff Higley became very worried, frustrated, aggravated, upset, nervous and otherwise suffered from emotional distress.

## CAUSE OF ACTION

18. The aforementioned acts and omissions of the Defendant have violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

19. Defendant ARM violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by using language the natural consequence of which was to abuse the hearer, by declaring that Plaintiff's account had been assigned to Defendant "for one reason, to secure payment in full" and by

repeatedly refusing to acknowledge Plaintiff Higley's representations explaining that the debt had been discharged in bankruptcy.

20. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly and continuously causing Plaintiff's telephone to ring with the intent to annoy, abuse and harass.

21. Defendant violated 15 U.S.C. §1692f and 15 U.S.C. §1692f(1) by attempting to collect a debt to which they did not have the legal authority to collect.

22. Because of the Defendant's various aforementioned violations of the FDCPA, Plaintiff Higley became very worried, frustrated, aggravated, upset, nervous and otherwise suffered from emotional distress.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Bryn Higley respectfully requests that this honorable Court enter judgment against the Defendant for:

(a) Actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

(b) Statutory damages of $1,000.00, pursuant to 15 U.S.C. §1692k(a)(2)(A);

(c) Costs and disbursements of this action, together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); *and*

(d) For any and all additional relief as this honorable Court may deem just and proper.

## JURY DEMAND

Please take notice that Plaintiff Higley demands a trial by jury in this action.

Date: January 26, 2010

/s/Frank J. Borgese
Frank J. Borgese, Esq.
Graham Law, P.C.
*Attorneys for the Plaintiff*
1207 Delaware Ave., Suite 202
Buffalo, New York 14209
fborgese@grahamlawpc.com
716.200.1520